9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Milan D. JACOBS, Defendant-Appellant.
 No. 93-1298.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1993.*
Decided Oct. 15, 1993.
 
 Before BAUER and MANION, Circuit Judges and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Milan D. Jacobs is a black male who was convicted of conspiring to rob and aiding and abetting the robbery of the Guardian Credit Union in violation of 18 U.S.C. Secs. 2, 371 and 2113(a). He received a sentence of 73 months incarceration followed by five years of supervised release. On appeal, Jacobs challenges his conviction and his sentence. For the following reasons, we affirm.
 
 
 2
 Jacobs challenges his conviction on the grounds that the prosecution violated Batson v. Kentucky, 476 U.S. 79 (1986), by exercising peremptory challenges to exclude minorities from the jury. The thirty-one member venire included four minorities, none of whom were selected for the jury. The prosecution used four of six peremptory challenges to exclude all of the minorities. Two were excluded because they were related to individuals who had been charged with criminal activity. Jacobs does not object to their exclusion on appeal. His objection arises from the prosecutor's challenge of an Asian and a Middle-Easterner who did not exhibit any apparent characteristics that would warrant their exclusion.
 
 
 3
 In Batson, the Supreme Court held that a prosecutor's use of peremptory challenges to exclude potential jurors on account of race violates the Equal Protection Clause of the Fourteenth Amendment. Batson, 476 U.S. at 96-97. The defendant need not share the same race as the excluded jurors to have standing to object to their exclusion. Powers v. Ohio, 111 S.Ct. 1364 (1991). In order to establish a prima facie case of discrimination under Batson, the defendant must show that the prosecutor exercised peremptory challenges on the basis of race and that the circumstances give rise to an inference of discriminatory purpose. Batson, 476 U.S. at 96. "Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the district court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a prima facie showing becomes moot." Hernandez v. New York, 111 S.Ct. 1859, 1866 (1991).
 
 
 4
 In order to rebut the defendant's prima facie showing, the prosecutor must offer a racially neutral explanation for the peremptory challenges at issue. Id. at 97. Although the government's explanation of its peremptory challenges must be "clear and reasonably specific," Batson, 476 U.S. at 98, n. 20, it "need not rise to the level justifying a challenge for cause." Id. at 97-98. The government's explanation must merely meet the requirement of neutrality. "At this step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." Hernandez, 111 S.Ct. at 1866.
 
 
 5
 An evaluation of the prosecutor's reasons for excluding minorities requires an assessment of credibility by the district court. Therefore the district court's findings are entitled to deference and we review them only for clear error. United States v. Hughes, 970 F.2d 227, 230 (7th Cir.1992); United States v. Williams, 934 F.2d 847, 849 (7th Cir.1991). "It is the trial judge's sensory perceptions of what occurs during the course of a case, combined with an understanding of the bar and the public gained from experience in the community served by the court, which provides the trial judge with a unique insight." Williams, 934 F.2d at 849.
 
 
 6
 In this case, the government's explanation for excluding the two jurors are that one was a professor and the other a teacher. Jacobs claims that, without more, the government's explanation is insufficiently specific and not "related to the case to be tried." Batson, 476 U.S. at 98. He argues that the government must do more than point to a characteristic of the challenged individuals. The government must provide a reason why teachers or professors are undesirable as jurors in this particular case.
 
 
 7
 Although the government did not disclose its basis for concluding that teachers and professors are undesirable jurors, the district court inferred that "in the judgment of the United States Attorney, he felt that perhaps the government's case would be better received and understood by people who have had less formal education and more involvement with the day-to-day lives of individuals." (Tr. 82-83). The district court recognized its lack of familiarity with the "thrust of the government's case," (Tr. 83), nevertheless, it found that the government's explanation was not unreasonable. In light of the deference accorded the district court's determination in jury selection challenges, we cannot say its finding was clearly erroneous. See United States v. Ferguson, 935 F.2d 862, 865, 867 (7th Cir.1991) (upholding challenges based on youth and employment status), cert. denied, 112 S.Ct. 907 (1992); United States v. Johnson, No. 92-5008, 1993 WL 343104, at * 9, 1993 U.S.App. LEXIS 22932, at * 26-27 1(0th Cir. Sept. 9, 1993) (upholding the exclusion of schoolteachers as not racially motivated); United States v. Nichols, 937 F.2d 1257, 1263-64 (7th Cir.1991) (upholding challenges based on marital status and questionable living circumstances), cert. denied, 112 S.Ct. 989 (1992); but see Jones v. Ryan, 987 F.2d 960, 974 (3d Cir.1993) (holding that general policy explanations, such as similarity in age to defendant, may be found to be pretextual if offered without regard to the particular circumstances of the trial or the responses of the jurors). The conclusion that the government's challenge was not racially motivated is supported by the fact that a white alternate was also excluded because she was a teacher. Johnson, No. 92-5008, 1993 U.S.App. LEXIS 22932, at * 26 (noting that similar treatment of minorities and nonminorities supported a finding of no discrimination). Thus, we conclude that the government adequately articulated a race neutral explanation of its peremptory challenges and because Jacobs does not challenge it on the basis of pretext, his Batson claim must fail.
 
 
 8
 Jacobs also challenges his sentence, claiming that under the United States Sentencing Guidelines Sec. 3B1.2(b) he is entitled to have his offense reduced by two levels to reflect the fact that he was a minor participant in the robbery. To merit a reduction as a minor participant, the defendant must demonstrate that he is "less culpable than most other participants." U.S.S.G. Sec. 3B1.2, comment (n. 3); United States v. Cea, 963 F.2d 1027, 1032 (7th Cir.), cert. denied, 113 S.Ct. 281 (1992). The court must assess not only the relevant conduct of each participant, but also the conduct of the defendant in relation to the elements of the offense. United States v. Scroggins, 939 F.2d 416, 423 n. 9 (7th Cir.1991). If the court concludes that "each defendant, while playing a substantially different role, had a relatively equal, albeit different, impact on the societal interests protected by the criminal proscription," then no adjustment is appropriate. Id. We review the district court's findings under Sec. 3B1.2 for clear error. United States v. Guitierrez, 978 F.2d 1463, 1471 (7th Cir.1992); Cea, 963 F.2d at 1027.
 
 
 9
 In this case, the district court found that Jacobs was not a minor participant in the robbery. This finding is supported by the evidence and is not clearly erroneous. The plan to rob the credit union was developed both by Jacobs and North, his coconspirator. North related the plan to Jacobs when they were parked outside the credit union a week in advance of the robbery, and Jacobs did not object. Jacobs provided the agreed upon supplies the day of the robbery, including the gloves, mask, car, and gun. Although North took more initiative in planning the robbery, Jacobs cannot rely on the fact that he followed North's instructions in claiming that he is less culpable. See Gunning, 984 F.2d at 1485 (holding that the defendant's knowledge of the intended drug transaction and her contribution of a weapon made her as culpable as the other more active participants). That Jacobs failed to enter the credit union does not alter this analysis. His decision to back out did not occur until the last minute and he did not leave at that time. He waited in the car outside the credit union for North to return. When North returned, Jacobs divided the proceeds in the back seat of the car and took an equal share. Therefore, the district court did not clearly err in denying Jacobs a two level reduction of his offense under Sec. 3B1.2(b).
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record